**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel:  (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEONID TREYGER**, | **NOTICE OF MOTION** |
| Plaintiff, | |
| -against- | |
| **LIBERTY 99 CENTS PARADISE INC.**, **FOOD MARKETING CONCEPTS, LTD.**, **LIBERTY ASSOCIATES, LLC**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | **CASE NO.: 21-cv-5189-PKC-RER** |
| Defendants. | |

TO DEFENDANT, FOOD MARKETING CONCEPTS, LTD.:

NOTICE IS HEREBY GIVEN that on the date and time to be provided by the Court, or as soon thereafter as the matter may be heard, LEONID TREYGER ("Plaintiff") will present his application under Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of default judgment against FOOD MARKETING CONCEPTS, LTD. ("Defendant"), as further set forth in the attached proposed default judgment. The application will be made to this Court at the United States District Courthouse, located at 225 Cadman Plaza East, Brooklyn, NY 11201, in a room, the number of which is to be provided by the Court.

At the hearing Plaintiff will show the following:

1. Defendant has failed to appear in this action.

2. Default has been certified against Defendant on November 10, 2021, [Doc. No. 9], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's complaint.

3. Plaintiff is entitled to judgment in the amount to be shown in Declaration of Attorney's Fees and Costs.

4. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

5. Defendant is not a minor or an incompetent person.

(the remainder of the page has been intentionally left blank)

This Motion is based on this Notice of Motion, the accompanying declarations, the Memorandum of Law in Support of Default Judgment, exhibits, and all the pleadings and papers on file in this action.

November 13, 2021

Respectfully submitted,

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 13, 2021, I filed the foregoing Notice of Motion with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:

FOOD MARKETING CONCEPTS, LTD.
DBA IHOP Liberty
98-01 Liberty Avenue Store 1
Ozone Park, NY 11417

(Defendant presently conducts business at the above address. That address is also listed in the database maintained by the City of New York and is the address listed in that database by the Department of Health and Mental Hygiene for that entity. Defendant's permit, issued by the Department of Health and Mental Hygiene, also shows the above address.)

Frank Cordella
98-01 Liberty Avenue
South Ozone Park, NY 11416

(The above is the address of Defendant's chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

F. Cordella
109-29 114th Street
South Ozone Park, NY 11420

(The above address is used for service of process by the New York Department of State, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*


**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEONID TREYGER**, <br><br> Plaintiff, <br><br> -against- <br><br> **LIBERTY 99 CENTS PARADISE INC., FOOD MARKETING CONCEPTS, LTD., LIBERTY ASSOCIATES, LLC**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, <br><br> Defendants. | **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT** <br><br><br> **CASE NO.: 21-cv-5189-PKC-RER** |

LEONID TREYGER ("Plaintiff"), by and through his undersigned counsel, moves the Court for default judgment against FOOD MARKETING CONCEPTS, LTD. ("Defendant"), pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 55.2(b) of Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. A memorandum in support of the Motion is respectfully submitted below.


**FACTUAL BACKGROUND**

1. On September 17, 2021, Plaintiff filed the Complaint in this matter.

2. On October 5, 2021, Defendant was properly served with the Summons [Doc. No. 2-2] and Complaint [Doc. No. 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure and pursuant to New York Limited Liability Company Law §303.

3. Proof of service of the Summons and Complaint on Defendant was filed with the Court on October 7, 2021 [Doc. No. 5].

4. The Summons duly informed Defendant that failure to respond to the Complaint would result in default judgment against it for the relief demanded in the Complaint.

5. On September 17, 2021, Plaintiff's counsel sent correspondence to the Civil Rights Bureau [Exhibit 1], in which he notified it of this legal action pursuant to NYS Civil Rights Law §40-d and enclosed a copy of the Complaint [Doc. No. 1]. Proof of mailing of that correspondence is attached to this Motion [Exhibit 2].

6. On September 17, 2021, Plaintiff's counsel also sent correspondence to the New York City Commission on Human Rights [Exhibit 3], in which he notified it of this legal action pursuant to NYC Human Rights Law §8-502(c) and enclosed a copy of the Complaint [Doc. No. 1]. Proof of mailing of that correspondence is attached to this Motion [Exhibit 4].

7. Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendant was required to plead, or otherwise respond, to the Complaint, by October 26, 2021. With the three-day extension, under *Laina*[1], Defendant was required to plead, or otherwise respond, to the Complaint by October 29, 2021, but Defendant has failed to do so. The time for

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a defendant is entitled to three extra days to plead, or otherwise respond, to the complaint.

Defendant to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

8. On November 3, 2021, Plaintiff's counsel filed the Application to Clerk for Certificate of Default, together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 8].

9. Default has been certified, by the Clerk of Court, against Defendant on November 10, 2021 [Doc. No. 9], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's Complaint.

10. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

11. Defendant is not a minor or an incompetent person.

12. To date, Defendant has failed to answer, move, or otherwise respond to the Complaint.

## **ARGUMENT**

Rule 8(b)(6) of the Federal Rules of Civil Procedure states that allegations in a pleading, to which a responsive pleading is required, are deemed admitted, if not denied in a responsive pleading. Defendant has not filed a responsive pleading denying the allegations in the Complaint. Therefore, Plaintiff's allegations are deemed admitted.

The Complaint brings causes of action against Defendant to enjoin unlawful discrimination based on disability. Plaintiff was discriminated against on the basis of disability and denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation owned, leased, or operated by Defendant.

This action was brought under the ADA, 42 U.S.C. §12182, §12183 and §12188(a) – incorporating by reference the remedies and procedures found in 42 U.S.C. 2000a-3, §204 of the Civil Rights Act of 1964 – the ADA's Accessibility Guidelines, 28 CFR Part 36, subpart D, the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR Part 1191, appendices B and D, the 2010 ADA Standards for Accessible Design ("2010 Standards"), the Building Code of the State of New York, as well as the New York State Civil Rights Law §40-c and §40-d, the New York State Human Rights Law §296 and the New York City Human Rights Laws [Administrative Code] §8-107, as well as all other laws and regulations enumerated in the Complaint. Plaintiff seeks compensatory and statutory damages, declaratory and injunctive reliefs, and rectification of all violations enumerated in the Complaint, attorney's fees, and costs against Defendant, as well as such other relief as the Court deems to be just and proper.

Plaintiff's causes of action are supported by the factual allegations contained in the Complaint. Defendant has been duly served with the Summons and Complaint and has not filed a responsive pleading denying any of the allegations in the Complaint within the applicable time period. Pursuant to Rule 8(b)(6), the allegations in the Complaint are deemed admitted. This Court may enter judgment by default against Defendant and issue a permanent injunction.

Plaintiff requests that the Court order injunctive relief similar to that ordered in *Shariff v. Beach 90th Street Realty Corp.*, 2013 WL 6835157, (2nd Cir., EDNY), because of the substantial similarity of circumstances. In the present matter, Plaintiff also alleges violations of the same laws and violations are also similar. As in *Shariff*, Defendant failed to plead, or otherwise defend the action, and the Clerk subsequently entered a certificate of default. *See* also *Shariff v. Alsaydi*, 2013 WL 4432218, (2nd Cir., EDNY) and *Shalto v. Bay of Bengal Kabob Corp.*, 2013 WL 867429 (2nd Cir., EDNY) (The Court granted Plaintiff's motions for default judgment, issued

injunctive relief to remedy violations of the ADA and New York laws, and awarded statutory damages and costs in both cases. Attorney's fees were awarded in *Shariff v. Alsaydi*, but denied, absent evidentiary support, in *Shalto*, in which the Court, nevertheless, allowed the plaintiff leave to refile the motion with proper evidentiary support.) For the above reasons, Plaintiff respectfully requests the Court to order injunctive relief similar to that ordered in the aforementioned cases. Plaintiff requests the Court to issue an injunction ordering Defendant to (1) submit to Plaintiff's counsel an architectural plan that remedies the violations identified in the Complaint within 60 days of the filing of the proof of service and Memorandum and Order; (2) within 30 days from receipt of Defendant's plans, Plaintiff shall consent to it, or seek further relief from the Court; and (3) Defendant will make any necessary alterations within 60 days of Plaintiff's consent, or subsequent Order of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby respectfully requests judgment against Defendant and that this Court grants the following relief:

A.    Grants a permanent injunction

    i.) Enjoining Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring Defendant to alter its Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;

    iii.) Compelling Defendant to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

iv.) Ordering Defendant to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and

v.) Ordering Defendant to make the Subject Facility readily accessible to and usable by Plaintiff and other individuals with disabilities.

B.    Enters declaratory judgment specifying Defendant's violations of the ADA, the New York State Civil Laws, the New York State Human Rights Laws and the New York City Human Rights Laws and declares the rights of Plaintiff as to Defendant's policies, procedures, facilities, goods and services offered to the public;

C.    Enters declaratory judgment specifying that the Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

D.    Enters an order requiring Defendant to alter its Subject Facility and amenities to make it accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

E.    Holds Defendant liable for $500 in statutory monetary damages for each violation and awards that sum to Plaintiff pursuant to New York State Civil Rights Laws §40-c and §40-d;

F.     Holds Defendant liable for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law.

G.     Retains its jurisdiction over Defendant until its unlawful practices, acts and omissions no longer exist;

H.     Finds that Plaintiff is a prevailing party in this litigation and awards attorney's fees, expert fees, costs, and expenses, together with such other and further relief at law, or in equity, to which Plaintiff may be entitled; and

I.     Awards such other and further relief as it deems necessary, just, and proper.


Executed on November 13, 2021


*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on November 13, 2021, I filed the foregoing Motion and Memorandum of Law in Support of Default Judgment with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:


FOOD MARKETING CONCEPTS, LTD.
DBA IHOP Liberty
98-01 Liberty Avenue Store 1
Ozone Park, NY 11417

(Defendant presently conducts business at the above address. That address is also listed in the database maintained by the City of New York and is the address listed in that database by the Department of Health and Mental Hygiene for that entity. Defendant's permit, issued by the Department of Health and Mental Hygiene, also shows the above address.)


Frank Cordella
98-01 Liberty Avenue
South Ozone Park, NY 11416

(The above is the address of Defendant's chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)


F. Cordella
109-29 114th Street
South Ozone Park, NY 11420

(The above address is used for service of process by the New York Department of State, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONID TREYGER, | DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |
| Plaintiff, | |
| -against- | |
| LIBERTY 99 CENTS PARADISE INC., FOOD MARKETING CONCEPTS, LTD., LIBERTY ASSOCIATES, LLC, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | CASE NO.: 21-cv-5189-PKC-RER |
| Defendants. | |

I, Michael Grinblat, declare as follows:

1. I am the attorney for LEONID TREYGER ("Plaintiff"), in the above-captioned action.

2. On September 17, 2021, Plaintiff filed the Complaint in this matter.

3. On October 5, 2021, FOOD MARKETING CONCEPTS, LTD. ("Defendant") was properly served with the Summons [Doc. No. 2-2] and Complaint [Doc. No. 1] in this action, both in accordance with Rule 4(c) of the Federal Rules of Civil Procedure, and pursuant to New York Limited Liability Company Law §303.

4. Proof of service of the Summons and Complaint on Defendant was filed with the Court on October 7, 2021 [Doc. No. 5].

1

5. The Summons duly informed Defendant that failure to respond to the Complaint would result in default judgment for the relief demanded in the Complaint.

6. Defendant has failed to serve and file an answer, or otherwise respond, to the Complaint.

7. The applicable time limit for responding to the Complaint has now expired. Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendant was required to plead, or otherwise respond, to the Complaint, by October 26, 2021. With the three-day extension, under *Laina*[1], Defendant was required to plead, or otherwise respond, to the Complaint, by October 29, 2021, but Defendant has failed to do so. The time for Defendant to plead, or respond, to the Complaint has not been extended by any stipulation of the parties, or any order of the Court.

8. On November 3, 2021, Plaintiff's counsel filed Application to Clerk for Certificate of Default, together with the Declaration in Support of Application to Clerk for Certificate of Default [Doc. No. 8].

9. Default has been certified against Defendant on November 10, 2021 [Doc. No. 9], pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for failure to file an answer, or otherwise move, with respect to Plaintiff's Complaint.

10. Defendant is a legal entity, specifically a corporation, rather than a natural person, and is therefore not currently serving in the military, as evidenced by the attached Declaration Regarding Military Status.

11. Defendant is not a minor or an incompetent person.

---

[1] Under *Laina v. United Cerebral Palsy of N.Y. City, Inc.*, 2012 U.S. Dist. LEXIS 1405, a defendant is entitled to three extra days to plead, or otherwise respond, to the complaint.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 13, 2021


*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 13, 2021, I filed the foregoing Declaration in Support of Motion for Default Judgment with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:


FOOD MARKETING CONCEPTS, LTD.
DBA IHOP Liberty
98-01 Liberty Avenue Store 1
Ozone Park, NY 11417

(Defendant presently conducts business at the above address. That address is also listed in the database maintained by the City of New York and is the address listed in that database by the Department of Health and Mental Hygiene for that entity. Defendant's permit, issued by the Department of Health and Mental Hygiene, also shows the above address.)


Frank Cordella
98-01 Liberty Avenue
South Ozone Park, NY 11416

(The above is the address of Defendant's chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)


F. Cordella
109-29 114th Street
South Ozone Park, NY 11420

(The above address is used for service of process by the New York Department of State, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEONID TREYGER**, <br><br> Plaintiff, <br><br> -against- <br><br> **LIBERTY 99 CENTS PARADISE INC.,** **FOOD MARKETING CONCEPTS, LTD., LIBERTY ASSOCIATES, LLC,** JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, <br><br> Defendants. | **DECLARATION REGARDING MILITARY STATUS OF DEFAULTING PARTY** <br><br><br> **CASE NO.: 21-cv-5189-PKC-RER** |

I, Michael Grinblat, declare as follows:

1. I am the attorney for LEONID TREYGER ("Plaintiff") in the above-captioned action. I am making this declaration pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940.

2. FOOD MARKETING CONCEPTS, LTD. ("Defendant") is a legal entity, specifically a corporation, rather than a natural person, and is, therefore, not a member of the military service.

3. Defendant is not a minor or an incompetent person.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 13, 2021

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel:  (347) 796-0712
Fax:  (212) 202-5130
Email: michael.grinblatesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 13, 2021, I filed the foregoing Declaration Regarding Military Status of Defaulting Party with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:


FOOD MARKETING CONCEPTS, LTD.
DBA IHOP Liberty
98-01 Liberty Avenue Store 1
Ozone Park, NY 11417

(Defendant presently conducts business at the above address. That address is also listed in the database maintained by the City of New York and is the address listed in that database by the Department of Health and Mental Hygiene for that entity. Defendant's permit, issued by the Department of Health and Mental Hygiene, also shows the above address.)


Frank Cordella
98-01 Liberty Avenue
South Ozone Park, NY 11416

(The above is the address of Defendant's chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)


F. Cordella
109-29 114th Street
South Ozone Park, NY 11420

(The above address is used for service of process by the New York Department of State, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LEONID TREYGER**, | **JUDGMENT AND ORDER OF PERMANENT INJUNCTION** |
| Plaintiff, | |
| -against- | |
| **LIBERTY 99 CENTS PARADISE INC., FOOD MARKETING CONCEPTS, LTD., LIBERTY ASSOCIATES, LLC**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | **CASE NO.: 21-cv-5189-PKC-RER** |
| Defendants. | |

On _____ the Court considered the application of LEONID TREYGER ("Plaintiff") for entry of default judgment and permanent injunction against FOOD MARKETING CONCEPTS, LTD. ("Defendant") under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

After considering the papers submitted in support of, and in opposition to, the Motion and the papers on file in this action, the Court finds as follows:

1. Defendant has failed to appear in this action by timely pleading, or responding to, or otherwise defending against, the Complaint in this action after being properly served with

1

that Complaint. Accordingly, the clerk certified a default against Defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, on November 10, 2021.

2. Defendant is not a minor, nor an incompetent person, nor a current member of the military service.

3. Plaintiff has established that Defendant is liable to Plaintiff for attorney's fees and costs that will be established by Declaration of Attorney's Fees and Costs.

4. Plaintiff has further established that permanent injunction must be issued for the reasons enumerated below.

    a. Defendant owns, and/or leases, and/or operates, and/or has control over, the Subject Facility (as defined in the Complaint [Doc. No. 1]), which is a restaurant. It is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(B) and 28 CFR §36.104 Place of public accommodation (2), New York State Human Rights Law §292(9) and New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4).

    b. Defendant, at all relevant times, was an owner, and/or leased, and/or leased to, and/or managed, and/or had control over, and/or operated, and/or designed, and/or constructed, and/or built, and/or maintained, and/or altered the Subject Facility, which is operated by Defendant under the name IHOP and is located at 98-01 Liberty Avenue Store 1, Ozone Park, NY 11417.

    c. The Subject Facility contains multiple barriers to access by individuals with disabilities in violation of the Americans with Disabilities Act, and they constitute discrimination under 42 U.S.C. §12182, §12183 and §12188(a), NYS Civil Rights

Law §40-c and §40-d, NYS Human Rights Law §296 and New York City Human Rights Laws [Administrative Code] §8-107.

5. The specific barriers to access present at the Subject Facility are enumerated in Plaintiff's Complaint.

6. These barriers to access the Subject Facility violate 42 U.S.C. §12183(a)(1) and §12188(a)(2) mandates an injunction to remedy these violations. An injunction is necessary to ensure that the Subject Facility is readily accessible to Plaintiff and other individuals with disabilities.

7. Plaintiff is an individual with a disability, who uses a motorized mobility scooter and who has suffered an injury-in-fact. He will suffer from discrimination and is going to be injured in the future, if the barriers to access the Subject Facility are not removed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered against Defendant as follows:

A. A permanent injunction is granted

    i.) Enjoining Defendant, its officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;

    ii.) Requiring Defendant to alter its Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;

    iii.) Compelling Defendant to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

iv.) Ordering Defendant to modify its policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendant, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and

v.) Ordering Defendant to make the Subject Facility readily accessible to and usable by individuals with disabilities;

J.      The Subject Facility owned, operated, leased, controlled, maintained and/or administered by Defendant violates the ADA, the New York State Civil Rights Law, the New York State Human Rights Law and the New York City Human Rights Law;

K.      Defendant will alter its Subject Facility and amenities to make them accessible to, and usable by, Plaintiff and individuals with disabilities to the full extent required by Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws;

L.      Defendant is liable to Plaintiff in the amount of $500 in statutory monetary damages for each violation. That sum is awarded to Plaintiff pursuant to New York State Civil Rights Laws §40-c and §40-d;

M.      Defendant is liable to Plaintiff for compensatory damages in the amount of $1,000 under the New York State Human Rights Law and the New York City Human Rights Law;

N.      Jurisdiction is retained over Defendant until its unlawful practices, acts and omissions no longer exist;

O.     Plaintiff is a prevailing party in this litigation and is awarded attorney's fees, expert fees, costs, and expenses in an amount to be shown by Declaration of Attorney's Fees and Costs within 60 days after the entry of this Order;

P.     Defendant will rectify all violations of the ADA, which were enumerated in the Complaint, and take the following actions:

i.)   submit to Plaintiff's counsel an architectural plan that remedies the violations, identified in the Complaint, within 60 days of the filing of the proof of service and Memorandum and Order;

ii.)  within 30 days from receipt of Defendant's plans, Plaintiff shall consent to it, or seek further relief from the Court; and

iii.) Defendant will make any necessary alterations within 60 days of Plaintiff's consent, or subsequent Order of this Court.


IT IS SO ORDERED.


Signed: _____, 2021

Pamela K. Chen,
United States District Judge