UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-5189 (PKC) (RER)

———————————

Leonid Treyger,

Plaintiff,

versus

Liberty 99 Cents Paradise Inc. et al.,

Defendants.

———————————

REPORT & RECOMMENDATION

April 18, 2022

———————————

To The Honorable Pamela K. Chen
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Leonid Treyger ("Plaintiff" or "Treyger") commenced this action on September 17, 2021, alleging that defendants Liberty 99 Cents Paradise Inc. ("99 Cents Paradise"), Food Marketing Concepts, LTD., Liberty Associates, LLC ("Liberty Associates"), and unnamed individual and corporate defendants violated the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law ("NYSHRL") NYS Executive Law § 296, the New York State Civil Rights Law ("NYSCRL") New York State Civil Rights Law § 40, and the New York City Human Rights Law ("NYCHRL") NYC Admin. Code § 8-107 by failing to make their facilities accessible for people with disabilities. (ECF No. 1 ("Compl.")). Plaintiff has settled his claims against Food Marketing Concepts, LTD. (ECF No. 19). Currently

1

before the Court are Plaintiff's motions for default judgment against 99 Cents Paradise and Liberty Associates (together, "Defendants") (ECF Nos. 10, 12), which Your Honor has referred to me for a report and recommendation (ECF order dated 11/15/2021).

After carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that the Motion be granted in part and denied in part, and that the Court (1) grant default judgment on Plaintiff's ADA, NYSHRL, NYSCRL, and NYCHRL claims; (2) issue an injunction requiring Defendants to remove the architectural barriers identified by Plaintiff and make their facilities compliant with the ADA; (3) award $500 in statutory damages under the NYSCRL; (4) award $1,000 in compensatory damages under the NYSHRL and NYCHRL; (5) deny Plaintiff's request for declaratory judgment as moot and unnecessary; and (6) give Plaintiff leave to file a motion for attorney's fees within six months of any order adopting this report and recommendation upon a showing that he has made reasonable efforts to enforce the injunction contained herein.

## BACKGROUND

I. Factual Allegations

Plaintiff, who has multiple sclerosis and cannot walk, is a resident of the Jackson Heights neighborhood of Queens, New York. (Compl. ¶¶ 7, 66). He uses a motorized mobility scooter to complete any activity that requires mobility. (*Id*. ¶¶ 67–68). When Plaintiff travels in a van or car, he needs an appropriate access aisle to get himself and his scooter out of the vehicle safely. (*Id*. ¶ 69).

Defendant 99 Cents Paradise is the owner and operator of a retail store called 99¢ Paradise (the "Store") located at 98-03 Liberty Avenue in the Ozone Park neighborhood of Queens, New York. (*Id*. ¶¶ 9, 13, 39). Defendant Liberty Associates is a New York limited liability company that owns

and manages the commercial lot on which are located the Store and its parking lot (together, the "Subject Facilities"). (*Id*. ¶¶ 30–32, 34).

In June 2021, Plaintiff visited the Subject Facilities using an accessible van. (*Id*. ¶ 74). The parking lot has thirty-eight spaces, including two accessible parking spaces that share an access aisle between them. (*Id*. ¶¶ 71–72). Both parking spaces and the access aisle are on a steep slope, which made it difficult for Plaintiff to transfer out of the van and onto the ground and to operate his mobility scooter in the access aisle. (*Id*. ¶¶ 75–76).

Once inside the Store, Plaintiff was unable to shop without assistance due to numerous barriers, including 1) the left aisle being narrower than the width of his mobility scooter, measuring only 27 5/8 inches wide; 2) debris and merchandise on the floor blocking access to the shopping aisles; and 3) items being displayed for sale below ten inches high in the aisles. (*Id*. ¶¶ 77–80). Plaintiff made a purchase in the Store, but left the Subject Facilities feeling "[f]rustrated, disappointed and humiliated[.]" (*Id*. ¶¶ 81, 84).

The Subject Facilities are located nearby Plaintiff's home, and, as Plaintiff enjoys visiting and shopping in the Ozone Park neighborhood, he plans to return to the Subject Facilities to shop once the barriers that prevented him from enjoying them fully are removed. (*Id*. ¶¶ 89–92). Those architectural barriers include: 1) a lack of accessible-space identification signs designating parking spaces as "van accessible" (*id*. ¶¶ 103–106); 2) failure to provide a properly van-accessible parking space in the parking lot (*id*. ¶¶ 107–108); 3) impermissibly narrow accessible parking spaces and access aisle, with the two accessible spaces measuring ninety-six inches wide and the access aisle measuring ninety-two inches wide (*id*. ¶¶ 109–114); 4) impermissibly steep access aisle and parking spaces, with the two parking spaces having slopes of 6.3% and 7.4%, and the access aisle having a slope of 5.6% (*id*. ¶¶ 115–122); 5) ground surfaces in the accessible spaces and access

aisle that are cracked, damaged, and not slip resistant (*id*. ¶¶ 123–126); 6) a lack of appropriate knee-and-toe space at the Store's counter (*id*. ¶¶ 127–128); 7) narrow and obstructed aisles in the Store (*id*. ¶¶ 129–131); and 8) low side reach, with merchandise in the Store being displayed below ten inches from the ground (*id*. ¶¶ 132–133). Plaintiff alleges that these barriers have caused him "personal injuries, including, but not limited to, pain of body and mind, emotional distress, embarrassment, humiliation, and frustration." (*Id.* ¶ 97). According to Plaintiff, it is not structurally impracticable for Defendants to make the Subject Facilities accessible, and removing the architectural barriers is readily achievable by Defendants. (*Id*. ¶¶ 144-145). Further, removal of the architectural barriers would not impose an undue hardship on Defendants, and would not fundamentally alter the nature of their business. (*Id*. ¶ 147).

II. Procedural History

Plaintiff commenced this action on September 17, 2021. (Compl.). Defendants were properly served via the New York Secretary of State (ECF Nos. 6–7), but failed to answer or otherwise respond to this action. Subsequently, Plaintiff requested a certificate of default against Defendants (ECF No. 8), and the Clerk of Court entered default against 99 Cents Paradise and Liberty Associates on November 10, 2021. (ECF No. 9). Plaintiff now moves for default judgment against 99 Cents Paradise and Liberty Associates (ECF Nos. 10, 12), seeking: 1) a permanent injunction enjoining Defendants from engaging in discrimination based on disability; requiring Defendants to alter their facilities to make them readily accessible to, and usable for, individuals with disabilities and change their policies and procedures to ensure the Subject Facilities become and remain ADA compliant; and ordering Defendants to make their facilities accessible and usable to Plaintiff and other people with disabilities; 2) declaratory judgements that Defendants have

4

violated the ADA, NYSHRL, NYSCRL, and NYCHRL; 3) declaratory judgment that the Subject Facilities violate the ADA, NYSHRL, NYSCRL, and NYCHRL; 4) an order requiring Defendants to alter their facilities so that they are in compliance with the ADA, NYSHRL, NYSCRL, and NYCHRL; 5) $500 in statutory damages under the NYSCRL; 6) compensatory damages of $1,000 under the NYSHRL and NYCHRL; 7) retention of jurisdiction by this Court until the alleged violations are remedied; 8) attorney's fees and costs yet unspecified; and 9) any further relief the Court deems proper. (ECF Nos. 10, 12 ("Pl.'s Mems."[1]) at 5–7).

**DISCUSSION**

I. <u>Default Judgment Standards</u>

Federal Rule of Civil Procedure 55, which governs here, establishes a two-step process for entering judgment against a party who fails to defend. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). In the first step, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In the second step, after default has been entered, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

For purposes of default judgment, the court must accept a plaintiff's well-pleaded factual allegations as true, as the defendants' default "is deemed to constitute a concession of all well pleaded allegations of liability[.]" *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Legal conclusions, however, need not be accepted; instead, it is the court's "responsibility to ensure that the factual allegations, accepted as true, provide a proper

---

[1] While Plaintiff provided two memorandums in support of default judgment, one for each defendant, they are substantially identical and will be referenced together.

basis for liability and relief." *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-CV-6977 (NGG) (RER), 2017 WL 3491964, at *1, (E.D.N.Y. July 19, 2017) (quoting *Rolls-Royce plc v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The same is true for allegations as to damages, which need not be accepted; instead, a plaintiff must show with evidence that the compensation sought "naturally flow[s] from the injuries pleaded" and reflects the damages demanded in their pleadings. *Greyhound Exhibit Grp*, 973 F.2d at 158–159; Fed. R. Civ. P. 54(c).

II. Analysis

   A. Standing

Standing is an "irreducible constitutional minimum[,]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), that must be satisfied by ADA plaintiffs to invoke the jurisdiction of federal courts. *Brown v. Mermaid Plaza Assocs. LLC*, No. 13-CV-0760 (AMD) (CLP), 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018). The Second Circuit has held that in ADA suits seeking injunctive relief, such as this one, a plaintiff must show: 1) a past injury under the ADA; 2) a reasonable inference that the discriminatory treatment would continue; 3) a reasonable inference "based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013)). Under the ADA, "a 'broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" *Mermaid Plaza Assocs. LLC*, 2018 WL 2722454, at *6 (quoting *Harty v. Spring Valley Marketplace LLC*, 15-CV-8190 (NSR), 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)). "Courts

considering ADA claims have found that disabled plaintiffs who had encountered barriers at . . . stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Ross v. Royal Pizza Cafe Corp.*, No. 17-CV-6294 (FB) (RML), 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), *adopted by* 2018 WL 6313182 (Dec. 3, 2018) (quoting *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01 Civ. 5518, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003) (citations omitted) (alterations original).

Plaintiff has standing here. First, as described below, Plaintiff has shown that he was injured under the ADA by Defendants' failure to make the Subject Facilities accessible. Second, since the barriers are architectural in nature, it is reasonable to infer that this discriminatory treatment will continue unless the Court intervenes. Third, Plaintiff lives close to the Subject Facilities, enjoys shopping in the Ozone Park neighborhood, and has said he intends to return to the Subject Facilities in the future. (Compl. ¶¶ 89–92). *See Mermaid Plaza Assocs. LLC*, 2018 WL 2722454, at *6 (finding testimony that the plaintiff had trouble using her wheelchair on a store's ramps because of the slope and condition of the ramps, among other barriers, "sufficient to establish that the plaintiff was injured by the barriers in a personal and individual way."); *Shariff v. Alsaydi*, No. 11-CV-6377 (FB) (SMG), 2013 WL 4432218, at *3 (E.D.N.Y. Aug. 15, 2013) (finding standing where plaintiff had trouble entering a grocery store due to an architectural barrier that, due to its architectural nature, was likely to persist without court-ordered remediation, and the plaintiff said he intended to return to the store once alterations were made).

B. ADA Liability

Plaintiff has established liability under Title III of the ADA. The statute provides in relevant part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

"To state a claim under this provision, a plaintiff must allege: '(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.'" *Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 WL 3478174, at *2 (E.D.N.Y. July 19, 2021), *adopted sub nom. Abeth Hashimi, v. CLMO, LLC; Milo Cafe, Corp.*, No. 20-CV-1073 (DG) (RLM), 2021 WL 3472658 (Aug. 6, 2021) (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)).

1. Disability

Disability is defined by the ADA as "a physical or mental impairment that substantially limits one or more major life activities of such individual" and explicitly lists "walking" as a major life activity. 42 U.S.C.A. § 12102. Since Plaintiff has multiple sclerosis and cannot walk (Compl. ¶ 66), he is clearly disabled within the meaning of the ADA. *Hashimi,* 2021 WL 3478174, at *2 ("plaintiff is a disabled individual for the purposes of the ADA, as he is substantially limited in the major life activity of walking").

2. Place of Public Accommodation

The ADA lists among its definition of places of public accommodations "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment[.]" 42

8

U.S.C.A. § 12181. The Subject Facilities are a shopping center parking lot and a retail store (Compl. ¶¶ 11–13), both of which are considered places of public accommodation under the ADA. *Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK) (RLM), 2022 WL 543026, at *5 (E.D.N.Y. Jan. 10, 2022), *adopted by* 2022 WL 541795 (Feb. 23, 2022) (holding that a store that sells goods to the public is a place of public accommodation).

3. Discrimination

One measure of discrimination under the ADA is "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable" 42 U.S.C.A. § 12182(b)(2)(A)(iv), where "readily achievable" means "without much difficulty or expense." 42 U.S.C. § 12181(9). "Further, '[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG').'" *Hashimi,* 2021 WL 3478174, at *3 (quoting *Spring Valley Marketplace LLC*, 2017 WL 108062, at *5). Here, Plaintiff has alleged that Defendants have failed to remove numerous architectural barriers that violate the ADA Accessibility Guidelines,[2] removal of which is readily achievable, showing discrimination. (Compl. ¶¶ 103–133, 145–147). *Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *3 (finding discrimination, and therefore liability under the ADA, where "[p]laintiff alleges, and the court accepts as true, that defendants have failed to remove architectural barriers where such removal is readily achievable and would not impose an undue hardship on defendant.")

As Plaintiff has shown that he is disabled, that the Subject Facilities are places of public accommodation, and that he faced discrimination within the meaning of the ADA, I respectfully

---

[2] Plaintiff alleges violations of ADAAG §§ 502.6, 208.2.4, 502.2, 502.4, 302.1, 904.4.2, 904.3.1, 403.5.1, and 308.3.1. (Compl. ¶¶ 103–133).

9

recommend that the Court grant default judgment on Plaintiff's ADA claims. *See Alsaydi*, 2013 WL 4432218, at *2 (finding liability under the ADA when the defendant "store lacked an accessible route from a public street, sidewalk or accessible parking space" in addition to other architectural barriers that made it inaccessible to the disabled plaintiff); *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157, at *4 (E.D.N.Y. Dec. 20, 2013) ("As this is a motion for default judgment, the Court accepts plaintiff's allegations as true that defendant's property is not in compliance with these provisions of the ADAAG and that the removal of these architectural barriers is readily achievable. Therefore, plaintiff establishes defendant's liability under Title III of the ADA.").

### C. NYSHRL, NYSCRL, and NYCHRL Liability

Plaintiff also brings claims under the NYSHRL, NYSCRL, and NYCHRL based on the same architectural barriers as his ADA claims. (Compl. 24–27; Pl.'s Mems. at 4). "A plaintiff who establishes entitlement to default judgment under the ADA also establishes liability under the NYCRL, NYSHRL, and NYCHRL." *Chavez v. 25 Jay St. LLC*, No. 20-CV-845 (AMD) (PK), 2021 WL 982865, at *6 (E.D.N.Y. Feb. 24, 2021), *adopted by* 2021 WL 980257 (Mar. 16, 2021); *see also Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *4 ("The elements that establish liability under the ADA are sufficient to state a claim under the New York Civil Rights Law. . . A claim for disability discrimination under NYSHRL and New York Civil Rights Law is governed by the same legal standards as the ADA.") (internal quotations and citations omitted). Since Plaintiff has met the standard for establishing liability under the ADA, I respectfully recommend granting default judgment on his NYSHRL, NYSCRL, and NYCHRL claims as well. *See Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746 (EK) (LB), 2020 WL 7481508, at *5 (E.D.N.Y. Aug. 26, 2020), *adopted by* 2020 WL 7481327 (Dec. 18, 2020) ("[A]s plaintiff establishes defendants'

liability under the ADA, he also does so under the New York Civil Rights Law, the NYSHRL, and the NYCHRL.").

III. Relief

Plaintiff seeks relief in the form of a permanent injunction; declaratory judgment; an order requiring Defendants to bring their facilities into compliance with the ADA, NYSHRL, NYSCRL, and NYCHRL, with retention of jurisdiction by this Court until the alleged violations are remedied; $500 in statutory damages under the NYSCRL; $1,000 in compensatory damages under the NYSHRL and NYCHRL; and attorney's fees and costs yet unspecified. (Pl.'s Mems. at 5–7). For the reasons set forth below, I respectfully recommend granting a modified injunction; awarding $500 in statutory damages and $1,000 in compensatory damages; but denying declaratory relief and attorney's fees and costs at this time.

A. Injunctive Relief

Plaintiff seeks a permanent injunction under the ADA. (Pl.'s Mems. at 5). "The ADA provides a private right of action for injunctive relief, which 'shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Apna Food & Oil Corp.*, 2020 WL 7481508, at *6 (quoting 42 U.S.C. § 12188(a)(2)). As Plaintiff has established Defendants' violation of the ADA, I respectfully recommend granting the following relief permanent injunction as requested by Plaintiff:

> 1) Enjoining Defendants, their officers, management personnel, employees, agents, successors and assigns from engaging in discrimination based on disability;
>
> 2) Requiring Defendants to alter its Subject Facility to make it readily accessible to, and usable for, individuals with disabilities;
>
> 3) Compelling Defendants to make all necessary modifications to its policies, practices and procedures, so that Plaintiff would not be subject to further discrimination;

> 4) Ordering Defendants to modify their policies, or procedures, or provide an alternative method, so that Plaintiff would be able to obtain the full and equal enjoyment of the Subject Facility owned, operated, maintained, or leased, by Defendants, in accordance with Title III of the ADA, the New York State Civil Rights Laws, the New York State Human Rights Laws and the New York City Human Rights Laws; and
>
> 5) Ordering Defendants to make the Subject Facility readily accessible to and usable by individuals with disabilities.

ECF Nos. 10, 12 ("Proposed Judgements") at 3–4.

Further, since "the often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time[,]" *Apna Food & Oil Corp.*, 2020 WL 7481508, at *6 (quoting *Taylor v. 312 Grand St. LLC*, No. 15-CV-5410 (BMC), 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016)), I respectfully recommend that the Court issue at additional injunction requiring: (1) Defendants to prepare architectural and construction plans remedying the ADA violations described in the Complaint, and submit those plans to Plaintiff's counsel for approval within sixty days of any order adopting this report and recommendation; (2) Plaintiff to consent or to seek further relief from the Court regarding those plans within thirty days of receipt; and, (3) Defendants to complete the necessary modifications within sixty days after Plaintiff consents to the alterations or an order is granted on Plaintiff's request for further relief. *See First Class Furniture & Rugs Inc.*, 2022 WL 543026, at *6 (ordering a similar injunction in a factually similar case); *Apna Food & Oil Corp.*, 2020 WL 7481508, at *6 (same); *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19-CV-3942 (NGG) (SMG), 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020) (same); . *Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157, at *5 (same); *Adams v. 724 Franklin Ave. Corp.*, No. 16-CV-5138 (BMC), 2016 WL 7495804, at *3 (E.D.N.Y. Dec. 30, 2016) (same).

B. <u>NYSCRL Statutory Damages</u>

Plaintiff seeks $500 in statutory damages under the NYSCRL. (Pl.'s Mems. at 6). NYSCRL § 40-d provides that defendants who violate the provisions of NYSCRL § 40-c "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside." *Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *5 (quoting N.Y. CIV. RIGHTS LAW § 40-d). This Court has jurisdiction over Defendants and the Subject Facilities, which are located in Queens County. (Compl. ¶¶ 13, 30). As such, I respectfully recommend that Plaintiff be awarded $500 in statutory damages under the NYSCRL. *See Apna Food & Oil Corp.*, 2020 WL 7481508, at *6 (awarding $500 in statutory damages under the NYSCRL in a similar case); *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920 (KAM) (VMS), 2013 WL 867429, at *11 (E.D.N.Y. Feb. 6, 2013), *adopted as modified by* 2013 WL 867420 (Mar. 7, 2013) (awarding a total of $500 in statutory damages for NYSCRL violations).

C. <u>NYSHRL and NYCHRL Compensatory Damages</u>

Plaintiff also seeks $1,000 in compensatory damages under the NYSHRL and NYCHRL. "Courts in this District and the New York City Human Rights Commission [have] deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damages other than what a decent and reasonable individual would suffer when faced with bad behavior." *Apna Food & Oil Corp.*, 2020 WL 7481508, at *6 (internal quotation marks omitted) (collecting cases). Plaintiff has alleged that his experiences at the Subject Facilities cause him "pain of body and mind, emotional distress, embarrassment, humiliation, and frustration" (Compl. ¶ 97), warranting damages, I therefore respectfully recommend that the court grant Plaintiff $1,000 in

13

compensatory damages under the NYSHRL and NYCHRL. *See Royal Pizza Cafe Corp.*, 2018 WL 6313208, at *5 (awarding $1,000 in compensatory damages in a similar ADA default judgment case).

D. <u>Declaratory Relief</u>

Plaintiff also seeks declaratory judgment of his rights and the Defendants' violations of the ADA, NYSHRL, NYSCRL, and NYCHRL. (Pl.'s Mems. at 5–6). The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "As the Supreme Court has held, whether to grant a declaratory judgment is in the court's discretion." *Hum. Res. Rsch. & Mgmt. Grp., Inc. v. Cty. of Suffolk*, 687 F. Supp. 2d 237, 267–68 (E.D.N.Y. 2010). As I already have recommended that the Court grant injunctive relief, I respectfully recommend that Plaintiff's request for declaratory judgment be denied as moot and unnecessary. *See id*. ("In this case, the Court concludes, in its discretion, that the requested declaratory relief is unnecessary and moot in light of this Court's injunction"); *First Class Furniture & Rugs Inc.*, 2022 WL 543026, at *6 ("In light of its recommendation that plaintiff be granted injunctive relief, this Court recommends that plaintiff's request for declaratory relief be denied as unnecessary and moot.").

E. <u>Attorney's Fees and Costs</u>

Plaintiff requests "attorney's fees, expert fees, costs, and expenses, together with such other and further relief at law, or in equity, to which Plaintiff may be entitled" but does not specify what fees and costs are sought or provide any documentation of attorneys' work or fees incurred. (Pl.'s

Mems. at 7; Compl. at 33). "Both the ADA and city law allow a prevailing party to recover reasonable attorneys' fees." *Rutledge v. Haru Inc.*, No. 20 Civ. 7641 (AJN), 2021 WL 4429328, at *3 (S.D.N.Y. Sept. 27, 2021) (citing 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f)). "An award of attorney's fees under both the ADA and the New York City Administrative Code is discretionary." *Florez v. Mister Cangrejo NY Corp.*, No. 20-CV-4745 (AMD) (CLP), 2022 WL 837490, at *6 (E.D.N.Y. Mar. 1, 2022), *adopted by* 2022 WL 837056 (Mar. 21, 2022) (citing 42 U.S.C. § 12205; N.Y. Admin. Code § 8-502(f)).

It is established precedent that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). The Second Circuit "require[s] that 'any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.' Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992), *certified question withdrawn*, 984 F.2d 69 (2d Cir. 1993) (quoting *Carey*, at 1148).

Here, Plaintiff has not submitted any records whatsoever to support an award of attorney's fees, let alone contemporaneous records of the type required in this Circuit. As such, I respectfully recommend that the Court deny Plaintiff's request for attorney's fees at this time. *Shariff v. Radamar Meat Corp.*, No. 11-CV-6369 (NGG) (RML), 2014 WL 1311563, at *5 (E.D.N.Y. Feb. 14, 2014), *adopted as modified by* 2014 WL 1311565 (Mar. 31, 2014) (denying an ADA plaintiff's request for attorney's fees and costs when "plaintiff's counsel has provided no documentation of his fees or costs"); *Stein v. 1-800-Flowers.com, Inc.*, No. 16-CV-6252 (RRM) (SJB), 2019 WL 1099946, at *2 (E.D.N.Y. Mar. 7, 2019) (plaintiff's "failure to submit contemporaneous time

records is fatal to her motion"); *Drunken Chicken in NY Corp.*, 2020 WL 4013187, at *5 ("plaintiff's counsel has failed to provide any documentation of his fees or costs. I therefore respectfully recommend that plaintiff's request for an award of attorney's fees and costs be denied").

Instead, I recommend, as other courts in this District recently have, that Plaintiff be given leave to file a motion for attorney's fees within six months of any order adopting this report and recommendation upon a showing that he has made reasonable efforts to enforce the injunction recommended above.³ *Apna Food & Oil Corp.*, 2020 WL 7481508, at *7 ("Plaintiff should be granted leave to file a motion for attorney's fees within six months upon demonstrating reasonable efforts to enforce the injunction."); *312 Grand St. LLC*, 2016 WL 1122027, at *6 ("[I]t is incumbent upon counsel to actually make some effort to achieve something in this case besides obtaining a piece of paper (the judgment) . . . [the Court is] deferring the issue of fees until such time as plaintiff can demonstrate that he has made a reasonable effort to obtain compliance with the injunction."); *CLMO, LLC*, 2021 WL 3478174, at *6 ("Given the deficiencies in plaintiff's application for fees and costs, the Court recommends denying plaintiff's request with leave to refile

---

³ This approach has arisen out of "concerns about serial ADA litigation used to extract attorney's fees from defendants," *Apna Food & Oil Corp.*, 2020 WL 7481508, at *7, and questions about "whether the ADA in some instances has become a vehicle of abuse by certain plaintiff's attorneys who have created a cottage industry by bringing multiple cases against small businesses on behalf of the same plaintiff when that plaintiff has no genuine intention of using the services of so many businesses." *724 Franklin Ave. Corp.*, 2016 WL 7495804, at *2.

Plaintiff's counsel should also note that courts are empowered to adjust attorney's fees downward to reflect work that "boilerplate" or otherwise problematic. *Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH) (SMG), 2020 WL 6110826, at *1 (E.D.N.Y. Oct. 15, 2020); *Cankat v. 41st Ave. Rest. Corp.*, No. 15-CV-4963 (SJ) (MDG), 2016 WL 7217638, at *3 (E.D.N.Y. Dec. 12, 2016) ("Where cases involve identical legal issues and similar factual issues, the duplicitous nature of the litigation warrants a reduction in the law firm's fee."). When such boilerplate work is used, courts may "(i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount." *Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *7; *Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *5 (E.D.N.Y. July 10, 2020), *adopted by* 2020 WL 6110826.

(with proper evidentiary support) within six months, upon demonstrating reasonable efforts to enforce the injunctive relief recommended herein.").

As to costs, since Plaintiff has not submitted any receipts or other supporting documentation to show the costs incurred in this litigation, I respectfully recommend that the Court deny Plaintiff's request for costs and fees at this time. *CLMO, LLC*, 2021 WL 3478174, at *5 ("in the absence of any supporting documentation or receipts concerning the costs incurred, the Court declines to recommend an award of costs at this time") (citing *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 219-20 (E.D.N.Y. 2019)).

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court: (1) grant default judgment on Plaintiff's ADA, NYSHRL, NYSCRL, and NYCHRL claims; (2) issue an injunction requiring Defendants to remove the architectural barriers identified by Plaintiff and make their facilities ADA compliant; (3) award $500 in statutory damages under the NYSCRL; (4) award $1,000 in compensatory damages under the NYSHRL and NYCHRL; (5) deny Plaintiff's request for declaratory judgment as moot and unnecessary; and (6) grant Plaintiff leave to file a motion for attorney's fees within six months of any order adopting this report and recommendation, and upon a showing that he has made reasonable efforts to enforce the injunction contained herein. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court within five days.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Pamela K. Chen within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**


Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: Brooklyn, New York
        APRIL 18, 2022