UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-5189 (PKC) (RER)

———————————

Leonid Treyger

versus

Liberty 99 Cents Paradise Inc., Food Marketing Concepts, LTD., Liberty Associates LLC, *et al.*

———————————

**Report & Recommendation**

June 12, 2023

———————————

To The Honorable Pamela K. Chen
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

  Plaintiff Leonid Treyger ("Plaintiff" or "Treyger") commenced this action against Liberty 99 Cents Paradise Inc. ("Liberty"), Food Marketing Concepts, LTD., Liberty Associates, LLC, and unnamed individual and corporate defendants (collectively, "Defendants"), alleging violations of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. (ECF No. 1 ("Compl.")). Plaintiff was granted default judgment against Liberty on these claims, awarded damages, and granted leave to file a motion for attorney's fees within six months of May 19, 2022, upon a showing that Plaintiff's counsel made reasonable efforts to enforce an injunction that required Liberty to remove architectural barriers and make their facilities ADA compliant. (ECF Order dated 5/19/2022).

1

Before the Court is Plaintiff's Motion for Attorney's Fees (ECF Nos. 36 ("Pl's Mot.")), which Your Honor referred to me for a Report and Recommendation (ECF Order dated 11/14/2022). For the reasons set forth herein, I respectfully recommend that the Plaintiff's Motion be granted in part, for a total of $19,612.77 in attorney's fees and costs.

## BACKGROUND

Plaintiff was granted default judgment on his claims, awarded damages, and granted leave to file a motion for attorney's fees within six months of May 19, 2022, upon a showing that Plaintiff's counsel made reasonable efforts to enforce an injunction that required Defendants to remove architectural barriers and make their facilities ADA compliant. (ECF Order dated 5/19/2022). After Plaintiff's unsuccessful efforts to enforce the injunction, on August 19, 2022, Your Honor directed Liberty to "show cause by written submission why it should not be sanctioned $100 per day for violating" the Court's May 19, 2022 Order. (ECF No. 33 ("Order to Show Cause")). Your Honor further directed Plaintiff to personally serve Liberty with the Court's Order to Show Cause, Plaintiff's motion papers requesting the Order to Show Cause, and a copy of Local Rule 83.6(a). (ECF Order dated 8/19/2022). Your Honor indicated that should Liberty fail to comply with or respond to Your Honor's Order to Show Cause, Plaintiff could then submit a motion for attorneys' fees. (*Id.*). On September 13, Plaintiff filed proof that the relevant documents were served on Liberty through the New York Secretary of State. (ECF No. 34). On November 12, 2022, Plaintiff filed its Motion for Attorney's Fees. (Pl's Mot.). On November 14, 2022, the Court ordered Defendants to pay Plaintiff $100 for every day that they fail to comply with the Court's May 19, 2022 Order. (Order dated 11/14/2022).

Subsequently, Plaintiff notified the Court that the New York Secretary of State rejected Liberty's service of the Court Orders that should have been mailed to Liberty, and that Plaintiff's

2

counsel had been unable to ascertain the reason for that rejection. (*See* ECF Nos. 38, 41). Your Honor then issued an Order directing the Secretary of State to explain the rejection (ECF No. 42), to which the Secretary of State responded on February 28, 2023 (ECF No. 47). The Secretary of State clarified that it rejected service of the Court Orders after determining that they were not "process" for the purposes of the New York State Business Corporation Law, and therefore not proper documents for service by the Secretary of State. (*Id.*).

In light of the Secretary of State's response and the history of the case, Your Honor again ordered Defendants to pay Plaintiff $100 for every day that they fail to comply with the Court's May 19, 2022 Order, to be assessed as of March 8, 2023, the date of that Order. (Order dated 3/8/2023). The Court further directed Plaintiff to attempt to serve the March 8, 2023 Order on Liberty directly "or explain why service is not possible." (*Id.*) After filing two status reports informing the Court of Plaintiff's efforts to serve the March 8, 2023 Order on Liberty directly (*see* ECF Nos. 49, 51), on April 25, 2023, Your Honor issued an Order stating that "Plaintiff has pursued all feasible options for serving Defendant Liberty 99 Cents Paradise, Inc. short of filing a motion for criminal contempt" (Order dated 4/25/2023). Your Honor therefore granted Plaintiff leave to supplement his Motion for Attorney's Fees (*id.*), which Plaintiff did on May 12, 2023 (ECF No. 52 ("Pl's Supp. Mot.")).

## **DISCUSSION**

A district court has broad discretion to determine the reasonable amount of attorney's fees to be awarded. *See, e.g.*, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 183, 190 (2d Cir. 2008). Courts in this Circuit calculate the presumptively reasonable attorney's fees as the product of a reasonable hourly rate and hours reasonably expended on the litigation. *Torres v. 894 Dekalb Pizza Corp.*, No. 19-CV-5750 (AMD) (SMG), 2020 WL 8768258,

3

at *9 (E.D.N.Y. Dec. 28, 2020) (citing *Arbor Hill*, 522 F.3d at 183), *adopted by* 2021 WL 848849 (Mar. 5, 2021); *Cooper v. Dieugenia*, No. 14-CV-6136 (PKC), 2018 WL 2103200, at *2 (E.D.N.Y. May 7, 2018).

Plaintiff requests $20,092.50 for a total of 62.5 hours of work by an attorney and 17.9 hours of paralegal/secretarial services, and $840.27 in costs. (Pl's Mot. at 1; Pl's Supp. Mot. at 1). In support of this request, Plaintiff submits affidavits by attorney Michael Grinblat ("Grinblat") (Pl's Mot.; Pl's Supp. Mot.); Grinblat's invoices that show the date and description of work performed, the relevant hourly rates, the total hours spent on each activity by the tenth of an hour, and the total dollar amount associated with each activity (ECF Nos. 36-1 ("Invoice"), 52-1 ("Supp. Invoice")); and documentary evidence to support costs associated with filings fees, service, and postage (ECF No. 36-2 ("Receipts"), 52-2 ("Supp. Receipts")). For the reasons explained below, the Court recommends awarding Plaintiff the reduced amount of $18,772.50 in attorney's fees and $840.27 in costs.

I. Reasonable Hourly Rates

Courts generally use the prevailing hourly rates in the district in which they sit. *Frederic v. Commonwealth Fin. Sys., Inc.*, No. 15-CV-03811 (PKC), 2016 WL 1383488, at *1 (E.D.N.Y. Apr. 7, 2016) (citing *Arbor Hill*, 522 F.3d at 190). "In recent years, fees have been awarded in the Eastern District of New York [in ADA cases] at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals[.]" *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (internal quotation marks and citation omitted). Plaintiff seeks to recover for attorney's fees incurred in this matter at an hourly rate of $300 for legal work and $75 for paralegal/secretarial tasks. Grinblat is a solo practitioner who was admitted to the bar in 2003 and has practiced law for 19 years. (Pl's Mot. at 4). He has worked on ADA cases for about five

4

years. (*Id.* at 3). Notably, the rates requested here have been recently awarded in this District in similar ADA cases brought by Plaintiff's counsel. *See Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK) (RLM), 2022 WL 543026, at *1 (E.D.N.Y. Jan. 10, 2022) (awarding Grinblat an hourly rate of $300 per hour for his attorney work and $75 per hour for his paralegal and secretarial work), *adopted by* 2022 WL 541795; *see also Grinblat v. H & 6 Assoc. Inc.*, No. 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (same), *adopted by* 2020 WL 6110826. Given Grinblat's background and the rates this District has awarded in similar cases, the Court likewise finds the proposed rates reasonable. Therefore, the Court recommends that Plaintiff be permitted fees at an hourly rate of $300 for legal work and $75 for paralegal/secretarial tasks.

II. Reasonable Hours Expended

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Crews v. Cty. of Nassau*, No. 06-CV-2610 (JFB) (GRB), 2019 WL 6894469, at *7 (E.D.N.Y. Dec. 18, 2019) (quoting *Custodio v. Am. Chain Link & Constr., Inc.*, No. 06 Civ. 7148 (GBD) (HBP), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Luca v. Cnty. of Nassau*, 698 F. Supp. 2d 296, 301 (E.D.N.Y. 2010) ("A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed."). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *New York State Ass'n for Retarded Children, Inc. v. Carey*,

5

711 F.2d 1136, 1146 (2d Cir. 1983)), *adopted by* 2021 WL 965072 (E.D.N.Y. Mar. 15, 2021)); *see also Monette v. Cty. of Nassau*, No. 11-CV-539 (JFB) (AKT), 2016 WL 4145798, at *9 (E.D.N.Y. Aug. 4, 2016) (collecting cases and applying 20% across-the-board reduction in counsel's hours due to, *inter alia*, vague and block-billed time entries and billing for clerical or administrative work); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) (upholding 50% across-the-board reduction where district court expressed concerns regarding "unspecified conferences, telephone calls, email correspondence, and reviews.").

Plaintiff has submitted contemporaneous time records in connection with work performed in this case between September 1, 2021, and May 12, 2023. These records generally reflect the hours expended, the work performed, and the billing rates applied. Plaintiff's counsel purports to have spent a total of 80.4 hours on this case—62.5 hours of work by an attorney and 17.9 hours of paralegal/secretarial work. "This number far exceeds the number of hours that have been found to be reasonable in other relatively straightforward ADA cases in this district." *See First Class Furniture & Rugs Inc.*, 2022 WL 543026, at *1 (quoting *H & 6 Assoc. Inc.*, 2020 WL 7000347, at *4) (citing *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551 (ENV) (LB), 2013 WL 6835157, at *7 (E.D.N.Y. Dec. 20, 2013) (applying an across-the-board 15% reduction to 20.20 hours*); Shariff v. Alsaydi*, No. 11-CV-6377 (FB) (SMG), 2013 WL 4432218, at *5 (E.D.N.Y. Aug. 15, 2013) (holding that 23.7 hours billed was reasonable); *Santiago v. Coco Nail HB, Inc.*, No. CV 10-3373 (ILG) (MDG), 2012 WL 1117961, at *4–5 (E.D.N.Y. Mar. 16, 2012), *adopted by* 2012 WL 1118853 (E.D.N.Y. Apr. 3, 2012) (holding that 37.8 hours billed was excessive)). However, the Court recognizes that many of the excess hours billed in this case were the result of the particular enforcement and service issues at play. To be sure, roughly three-fourths of the total hours spent on this case were incurred after the Court granted Plaintiff default judgment on May

6

19, 2022. (*See* Invoice at 2–9). Prior to May 19, 2022, Plaintiff purportedly spent a total of 20.2 hours on this case (*see id.*), which is an amount more in line with the comparable, relatively straightforward ADA cases in this District. *See First Class Furniture & Rugs Inc.*, 2022 WL 543026, at *9 (awarding attorney's fees for a total of 29.88 hours); *see also Beach 90th St. Realty Corp.*, 2013 WL 6835157, at *7; *Alsaydi*, 2013 WL 4432218, at *5. Upon a close review, the Court finds counsel's billing records up to May 19, 2022 reasonable.

However, a review of counsel's remaining billing records reveals a small handful of excessive or otherwise unnecessary entries. For example, Plaintiff's counsel purportedly spent a total of 7.2 hours drafting the two invoices submitted as exhibits to the Court (Invoice at 17; Supp. Invoice at 18), despite the fact that billing records are meant to be created contemporaneously. *See Kirsch*, 148 F.3d at 173. Although Plaintiff's counsel notes that "time consuming" "revisions and corrections were necessary prior to submission" (Invoice at 17), the Court finds these entries to be excessive. In other entries, Plaintiff's counsel purportedly spent between three and three-and-a-half hours drafting motions or letters less than three pages in length. (Invoice at 13 (citing ECF No. 32), 15 (citing ECF No. 35); Supp. Invoice at 10 (citing ECF No. 44)). In light of these observations, the Court recommends reducing the above-described billing entries by twenty-five percent (25%), amounting to a reduction of 4.4 hours[1] of attorney work.

Accordingly, I respectfully recommend that the Court award Plaintiff attorney's fees for 58.1 hours[2] of attorney work and 17.9 hours of paralegal/secretarial work for a total of $18,772.50.[3]

---

[1] 17.7 hours × 25% = 4.4 hours.
[2] 62.5 hours − 4.4 hours = 58.1 hours.
[3] (58.1 attorney hours × $300) + (17.9 paralegal/secretarial hours × $75) = $18,772.50.

7

III.     Costs

"As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-CV-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "Such reimbursable costs 'include filing fees, process servers, postage, travel, and photocopying,' as well as legal research costs." *Trs. of the Pavers & Rd. Builders Dist. Council Welfare v. M.C. Landscape Grp., Inc.*, No. 12-CV-00834 (CBA) (VMS), 2016 WL 6998640, at *8 (E.D.N.Y. Aug. 25, 2016) (quoting *Capone v. Patchogue-Medford Union Free Sch. Dist.*, No. 0-CV-2947 (JS) (MLO), 2011 WL 743573, at *5 (E.D.N.Y. Feb. 23, 2011)), *adopted by* 2016 WL 7017336 (Nov. 30, 2016). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10-CV-696 (KAM) (SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013) (quoting *Pennacchio*, 2011 WL 2945825, at *2). Pursuant to Local Rule 54.1, the applicant "must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,'" and "[b]ills for the costs claimed must be attached as exhibits." *D.J. ex rel. Roberts v. City of New York*, No. 11 Civ. 5458 (JGK) (DF), 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), *adopted by* 2012 WL 5429521 (Nov. 7, 2012).

Plaintiff requests costs in the amount of $840.27. (Pl's Mot. at 1; Pl's Supp. Mot. at 1). Plaintiff submits the requisite records reflecting costs incurred for filing and obtaining documents, postage, and service on Defendants. (*See id.*; *see also* Invoice; Supp. Invoice). Such records include itemized requests for each costs (*see generally* Invoice; Supp. Invoice), as well as copies of receipts of payment and mailing labels confirming postage costs (*see generally* Receipts; Supp. Receipts). Accordingly, the Court awards Plaintiff the requested $840.27 in costs.

8

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant in part Plaintiff's Motion and award Plaintiff a total of $19,612.77 in attorney's fees and costs. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Pamela K. Chen within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: June 12, 2023
       Brooklyn, NY